**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RAY BLANCHARD,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-24-1888** |
| **C. PHILLIP NICHOLS, *et al.*,** | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

On June 27, 2024, Ray Blanchard, who is incarcerated at Prince George's County Detention Center, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. ECF 1, 2. He alleged the defendants falsely imprisoned him in violation of his constitutional rights, but he provided barely any information about how his rights were violated, and he did not explain how the named defendants were responsible for violating his rights. On October 8, 2024, the Court issued an Order explaining the deficiencies in Blanchard's complaint, dismissing it because he had not stated a plausible claim for relief and granting him the opportunity to file an amended complaint. ECF 5. Blanchard has filed an amended complaint and a second motion for leave to proceed in forma pauperis. ECF 8, 9. Because Blanchard appears indigent, his motions to proceed without pre-payment of the filing fee are granted. Because Blanchard still fails to state a plausible claim for relief, his amended complaint is dismissed.

Judicial and prosecutorial immunity bar Blanchard's claims. In his amended complaint, as in his original complaint, Blanchard appears to challenge Prince George's County Circuit Judge C. Phillip Nichols's and Assistant State's Attorney Thomas D. Gorman's conduct in a December 15, 2023 criminal proceeding against him, which he believes led to his false imprisonment. *See* ECF 8. Despite the explanations the Court provided Blanchard regarding judicial and prosecutorial

immunity, *see* ECF 5, at 3–4, Blanchard again names only Judge Nichols and Gorman as defendants. ECF 8. The doctrine of judicial immunity bars Blanchard's claim against the judge. *See Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) ("Judges are absolutely immune from suit for a deprivation of civil rights [under 42 U.S.C. § 1983] for actions taken within their jurisdiction") (alteration and quotation omitted); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). Although Blanchard alleges that the judge exceeded his jurisdiction, he provides no support for this conclusory allegation. Judge Gorman is immune from suit.

As for the claim against the Assistant State's Attorney, Maryland state's attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). To determine whether a prosecutor was performing a prosecutorial function, the Court asks whether the prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422–23). "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." *Nero*, 890 F.3d at 118. Gorman was performing prosecutorial functions when he served as Assistant State's Attorney in the December 2023 state court proceeding. The doctrine of prosecutorial immunity bars Blanchard's claim against Gorman.

Blanchard's amended complaint also must be dismissed because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. *Id.* at 486–87; *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of a judgment). The Supreme Court affirmed this principle in *Muhammad v. Close*, holding that where "success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." 540 U.S. 749, 751 (2004).

Blanchard asserts that he is falsely imprisoned pursuant to convictions in two cases in the Circuit Court of Prince George's County, Case Nos. CT010803A and CT011284X, due to misconduct by Judge Nichols and Gorman. ECF 8. His allegations that the defendants acted fraudulently and obstructed justice during the prosecution of these charges, thus denying him due process and equal protection under the law, challenge the validity of those state criminal convictions. Because neither of his convictions has been overturned or otherwise invalidated,[1] Blanchard's claims must be dismissed.

Further, to the extent Blanchard seeks injunctive or declaratory relief declaring the convictions void and ordering that he be released or transferred to a different facility, the Court construes his request as one for mandamus relief. Under 28 U.S.C. § 1361, the federal district

---

[1] *See* Maryland Judiciary Case Search, https://casesearch.courts.state.md.us/casesearch/ (last visited Apr. 24, 2025).

courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, federal district courts have no mandamus jurisdiction over State employees, such as the defendants in this case. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). This Court cannot grant mandamus relief to Blanchard.

By separate order which follows, the amended complaint is dismissed without prejudice and the motions to proceed in forma pauperis are granted.

April 28, 2025
Date

Deborah L. Boardman
United States District Judge